UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-55-KDB-DCK

| TRAVIS WAYNE BAXTER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| LINCOLN COUNTY SHERIFF'S OFFICE, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court for initial review of the *pro se* Plaintiff's Notice of Removal, (Doc. No. 1). Also pending are the *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), and "Motion 1937 Rule 24," (Doc. No. 3).

## I. BACKGROUND

The *pro se* Plaintiff, who lives in Cherryville, North Carolina, filed this action against the Lincoln County Sheriff's Department in the Lincoln County General Court of Justice, District Court Division on February 25, 2021, Case No. 21cv223. (Doc. No. 1-1 at 1). The Plaintiff alleges that he received inadequate medical care while he was a pretrial detainee at the Lincoln County Jail and that he encountered unpleasant conditions of confinement at the Jail until he was released on bond. He asserts claims for negligence *per se*, *respondeat superior*, assault, and intentional infliction of emotional distress under North Carolina law. He seeks compensatory and punitive damages "in excess of $45,000," costs and fees, and a jury trial. (Doc. No. 1-1 at 4). On March 23, 2021, Defendant filed a Motion to Dismiss for failure to state a claim and lack of personal jurisdiction, that is scheduled for hearing in the Lincoln County court on or about May 12, 2021. (Doc. No. 1-1 at 8, 9).

1

Plaintiff filed the instant Notice of Removal on March 30, 2021, stating that he "will in no way receive a fair trial" in the Lincoln County court. (Doc. No. 1).

In his "Motion 1937 Rule 24," the Plaintiff asks the Court to remove his case and "for a Government prosecuting agency to get involved for relief of injustice." (Doc. No. 3 at 1).

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's Application shows that he has had an average of $260 in monthly income for the past 12 months and he expects the same income next month. (Doc. No. 2 at 1-2). Plaintiff has as assets $1,030 in bank accounts and a cow worth $500. (Doc. No. 2 at 2-3). One minor child relies on the Plaintiff for support. (Doc. No. 2 at 3). The Plaintiff reports monthly expenses averaging $500. (Doc. No. 2 at 4-5). The Plaintiff does not expect any major changes to his monthly income, expenses, assets, or liabilities in the next 12 months, and he does not expect to incur any costs or fees in conjunction with this action. (Doc. No. 2 at 5). The Plaintiff further explains that he is unable to pay the costs of these proceedings because he is "indigent." (Id.).

The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, grant the Application and permit Plaintiff to proceed *in forma pauperis*.

## III. STANDARD OF REVIEW

Where a litigant is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction

2

requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Except as otherwise provided by Congress, any civil action brought in a State court of which the United States district courts have original jurisdiction "may be removed by the defendant or the defendants" to the United States district court where the action is pending. 28 U.S.C. § 1441(a). "[T]he plaintiff … cannot remove" under § 1441(a). Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954). A notice of removal must contain a short and plain statement of the court's basis for jurisdiction, must include a copy of all pleadings served upon the defendant, and shall be filed within 30 days after receipt by the defendant. See 28 U.S.C. § 1446(a), (b).

The Notice of Removal is improper because the removal statute provides for removal by defendants, not plaintiffs. 28 U.S.C. § 1441(a); Stude, 346 U.S. at 580. Further, the Plaintiff does not state a basis for the Court's jurisdiction whatsoever and none is apparent on the face of the pleadings. As such, the case will be remanded to the Lincoln County General Court of Justice, District Court Division and the Plaintiff's "Motion 1937 Rule 24" will be denied as moot.

## V. CONCLUSION

Plaintiff's Application to proceed *in forma pauperis* is granted, this action is remanded to the Lincoln County General Court of Justice, District Court Division, and the "Motion 1937 Rule 24" is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. This action is **REMANDED** to the Lincoln County General Court of Justice, District Court Division.

3. Plaintiff's "Motion 1937 Rule 24," (Doc. No. 3), is **DENIED** as moot.

4. The Clerk of Court is directed to mail a copy of this Order to the Lincoln County General Court of Justice, District Court Division, and close this case.

Signed: April 5, 2021

Kenneth D. Bell
United States District Judge